IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| In re: | ) | |
|---|---|---|
| | ) | |
| Clinton E. Guthrie, | ) | Case No.: 10-05937-BGC-7 |
| | ) | |
| Debtor. | ) | |
| | | |
| Cadles of Grassy Meadows, II, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | A. P. No.: 10-00158 |
| | ) | |
| Clinton E. Guthrie, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

The matters before the Court are:

1) The Motion for Summary Judgment filed on October 10, 2011, by the Plaintiff. Docket No. 18;

2) The Defendant's Response to Plaintiff's Motion for Summary Judgment filed on December 15, 2011. Docket No. 21;

3. The Defendant's Supplemental Response to Plaintiff's Motion for Summary Judgment filed on March 19, 2012. Docket No. 30;

4. A Supplemental Brief in Support of Plaintiff's Motion for Summary Judgment filed on March 20, 2012, by the Plaintiff. Docket No. 31.

After notice, a hearing was held on January 31, 2012. Appearing were: Brenton K. Morris, the attorney for the Plaintiff; and David Murphree, the attorney for the Defendant-Debtor. The matters were submitted on the arguments of counsel and the pleadings.

**I. Background**

The Defendant personally guaranteed two construction loans made by Regions Bank to Bon Secour Village, LLC, a company in which the Defendant held an interest.

When Bon Secour Village defaulted on its obligation, Regions filed a lawsuit in the State Court on July 15, 2008, against Bon Secour Village, the Defendant, and another guarantor. After commencing the litigation, Regions sold and assigned its rights under the loan documents to the Plaintiff. The Plaintiff was substituted in the state court case on December 9, 2008.

The Plaintiff filed a motion for summary judgment and a motion for sanctions in the state court case. The state court held a hearing on September 29, 2010, on the motions. The plaintiff appeared, but the defendant did not. On September 30, 2010, the State Court awarded the Plaintiff sanctions in the form of increased litigation costs and attorney fees totaling $15,663.70. The Defendant filed his bankruptcy petition on October 6, 2010. The Plaintiff filed this adversary proceeding on December 17, 2010. The Plaintiff seeks a determination that the State Court's award of sanctions is non-dischargeable under 11 U.S.C. § 523(a)(6).

## II. Summary Judgment Standards

The standards for resolving summary judgment motions are outlined in the Eleventh Circuit Court of Appeals decision in Fitzpatrick v. City of Atlanta, 2 F.3d 1112 (11th Cir. 1993). This Court applied those standards in this matter.

## III. Issues

The procedural issue before the Court is whether this Court is collaterally estopped from relitigating the state court's award of sanctions against the debtor. The substantive issue is, of course, whether the sanctions debt is dischargeable.

## IV. The Parties' Positions

The plaintiff contends that the doctrine of collateral estoppel applies here and based on the state court order awarding sanctions to the plaintiff, that debt is not dischargeable. As such, the plaintiff argues that there are no genuine issues of material fact and judgment should be awarded to the plaintiff as a matter of law.

The debtor contends that collateral estoppel does not apply and thus summary judgment should be denied.

## V. Findings of Fact

The state court's order is the core of this litigation it reads:

> This matter came before the Court for a hearing on September 29, 2010, on the Plaintiff's Renewed Motion for Summary Judgment and Plaintiff's Motion for Sanctions (collectively, "Plaintiff's Motions"). Brenton

2

> K. Morris appeared on behalf of the Plaintiff/Counterclaim-Defendant, Cadles of Grassy Meadows II, LLC, as Assignee of Regions Bank ("Cadles"). J. Leland Murphree appeared on behalf of Counterclaim Defendant Regions Bank ("Regions"). No other party or counsel for any other party answered or appeared when the case was called. Based upon the pleadings and evidence before the Court and the arguments of counsel, the Court finds that Plaintiff's Motions are due to be granted.
>
> As to Plaintiff's Renewed Motion for Summary Judgment, the Court finds that there is no genuine issue of material fact and that Cadles is entitled to a judgment as a matter of law in its favor on its claims and on the counterclaims asserted by defendants Bon Secour Village, LLC ("BSV") and "Clinton E. Guthrie ("Guthrie"). The Court hereby directs entry of a final judgment, as more particularly described below, as there is no just reason for delay.
>
> As to the Plaintiff's Motion for Sanctions, the Court finds that an award of sanctions against BSV and Guthrie, jointly and severally, as requested in Plaintiff's Motion, is appropriate under applicable law and hereby awards sanctions in the amount of $15,663.70. This award of sanctions represents, and is intended to compensate Cadles for, actual damages that the Court finds have been sustained as a result of BSV and Guthrie's willful, malicious and fraudulent conduct, and, in particular, their filing and continued prosecution of counterclaims against Cadles without substantial justification or probable cause, merely to harass Cadles, to cause unnecessary delay and/or to increase the cost of litigation. These defendants wrongfully, and without just cause or excuse, caused such counterclaims to be instituted, instigated and continued, knowing them to be frivolous and based on unsupported and false allegations, with intent to unnecessarily protract this litigation at Cadles' expense.

<u>Order</u> entered by the Circuit Court of Jefferson County, Alabama, Exhibit L to the Plaintiff's <u>Motion for Summary Judgment</u>, Docket 18-20.

The state court entered the above order after notice and an evidentiary hearing.[1] The basis for the order included <u>Regions Bank's Motion for Sanctions</u> against the debtor and others, a detailed motion with numerous exhibits (Exhibit H to the Plaintiff's <u>Motion for Summary Judgment</u>, Docket 18-16); the <u>Plaintiff's Motion for Sanctions</u>

---

[1] As stated above, the debtor did not appear at the hearing that was the basis for the state court's order. The obvious questions is why? While this Court cannot answer that question, the records in the state court and this Court demonstrate what is <u>not</u> the answer. Those records demonstrate that the debtor had notice of the hearing and had a full and fair opportunity to appear. There is no evidence to demonstrate otherwise.

(Exhibit H to the Plaintiff's Motion for Summary Judgment, Docket 18-17); and the Affidavit of Brenton K. Morris (Exhibit K to the Plaintiff's Motion for Summary Judgment, Docket 18-19).

## VI. Conclusions of Law

### A. Collateral Estoppel

Whether summary judgment should be granted depends on whether collateral estoppel applies in this proceeding.[2] To make that determination, the U.S. Supreme Court decision in Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985) requires bankruptcy courts, in dischargeability proceedings, to utilize a state's principles of collateral estoppel to determine the issue preclusive effect of a judgment rendered by a court of that state.

The principles of collateral estoppel in Alabama are:

(1) the issue involved in the prior proceeding was identical to the issue involved in the present proceeding;

(2) the issue was "actually litigated" in the prior proceeding;

(3) the resolution of the issue was necessary to the prior judgment; and

(4) the parties in the present proceeding are the same as those involved in the prior proceeding.

See Lott v. Toomey, 477 So.2d 316, 319 (Ala.1985). Unless all four are satisfied, collateral estoppel may not apply. In this proceeding, this Court has applied those four elements to the facts and finds that collateral estoppel does apply here.

### 1. Element One – Identical Issue

---

[2] As a general rule "collateral estoppel" applies in dischargeability matters. Grogan v. Garner, 498 U.S. 279 (1991). This Court has considered the specific application of that general rule in Anglin v. Wallis (In re Wallis), A.P. No. 10-00010, 2011 WL 2357365 (Bankr. N.D. Ala. March 31, 2011); In re Farris, A.P. No. 06–00121, 2007 WL 4533503 (Bankr. N.D. Ala. December 19, 2007); In re Bennitt, A.P. No. 05–00164, 2007 WL 1805085 (Bankr. N.D. Ala. June 21, 2007); In re Bennitt, 348 B.R. 820 (Bankr. N.D. Ala. 2006); In re Wald, 208 B.R. 516 (Bankr. N.D. Ala. 1997); and In re Cornner, 191 B.R. 199 (Bankr. N.D. Ala. 1995).

4

Section 523(a)(6) of the Bankruptcy Code makes non-dischargeable a debt for any "willful and malicious" injury caused by a debtor to another person. The definitions of those two particular terms of art have long been established and recognized in this Circuit:

> In order that a provable liability come within this exception the injuries must have been both willful and malicious. An injury to person or property may be a malicious injury within this provision if it was wrongful and without just cause or excuse, even in the absence of personal hate, spite or ill will. The word "willful" means nothing more than intentionally doing an act which necessarily leads to injury. Therefore, a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a willful and malicious injury.

Vickers v. Home Indemnity Co. (In re Vickers), 546 F.2d 1149, 1150 (5th Cir.1977).

Moreover, the U.S. Supreme Court has addressed those accepted definitions by reiterating and reemphasizing that non-dischargeability under section 523(a)(6) requires, "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." Kawaauhau v. Geiger, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). Reckless, wanton, or negligent acts will not suffice. The debtor must have actually intended, " 'the consequences of an act,' [i.e., the injury] not simply 'the act itself.' " Id. at 61–62, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (quoting Restatement (Second) of Torts § 8A, comment a, p. 15 (1964)).

Discovery issues lead to the plaintiff's motion for sanctions in the state court. The plaintiff requested those sanctions pursuant to Rule 31 of the Alabama Rules of Civil Procedure. That rule specifically allows for sanctions. The question then is whether the state court applied the same standard this Court wold apply in this dischargeability proceeding. The court in Joyner v. B & P Pest Control, Inc., 853 So.2d 991 (Ala. Civ. App. 2002) suggest that the standards may not be the same. That court stated:

> We note that Rule 37 does not require that a party's failure to comply with discovery be willful, deliberate, or malicious before sanctions might by imposed; it merely requires, in pertinent part, that the trial court's order in response to the party's failure to produce requested evidence be "just." See Rule 37(d), Ala. R. Civ. P.

Id. at 996.

The court in the state court litigation recognized that the debtor's actions caused the plaintiff injury and that this injury caused damages. Hence that court awarded the plaintiff $15,663.70. The question remaining is whether the injury there was of the same degree as the section 523(a)(6) willful and malicious injury standard this Court would apply in the pending proceeding. In other words, what standard did the state court

5

apply? The language from its order clearly answers that question. The state court specifically described the debtor's conduct as, "willful, malicious and fraudulent." Id.

Based on the above, the Court finds that the issue decided by the state court, that is, whether the debtor acted in a willful and malicious manner in causing the plaintiff's injury, is the identical issue this Court must decide in the pending proceeding. Therefore, this first element of collateral estoppel is satisfied.[3]

## 2. Element Two – Issue Actually Litigated

The court in K & K Ins. Group, Inc. v. Houston (In re Houston), 305 B.R. 111, (Bankr. M.D. Fla.2003) explains:

> It is well-established that collateral estoppel applies only to those issues that were actually or fully litigated in the prior proceeding.
>
>> However, this rule does not refer to the quality or quantity of argument or evidence addressed to an issue. It requires only two things: first, that the issue has been effectively raised in the prior action, either in the pleadings or through development of the evidence and argument at trial or on motion; and second, that the losing party have had "a fair opportunity procedurally, substantively and evidentially" to contest the issue.
>
> In re Bush, 62 F.3d 1319, 1323 (11th Cir.1995).

Id. at 118.

As stated above, the state court entered the above order after notice to the debtor, giving the debtor a full and fair opportunity to participate in the hearing. For whatever reason, the debtor did not appear. The state court then decided the matter based on Regions Bank's Motion for Sanctions against the debtor and others, a detailed motion with numerous exhibits (Exhibit H to the Plaintiff's Motion for Summary Judgment, Docket 18-16); the Plaintiff's Motion for Sanctions (Exhibit H to the Plaintiff's Motion for Summary Judgment, Docket 18-17); and the Affidavit of Brenton K. Morris (Exhibit K to the Plaintiff's Motion for Summary Judgment, Docket 18-19).

---

[3] The court in K & K Ins. Group, Inc. v. Houston (In re Houston), 305 B.R. 111, 118 (Bankr.M.D.Fla.2003) would agree. ("A "willful and malicious injury" within the meaning of § 523(a)(6) includes an injury caused by the debtor's malicious prosecution of a prior action. In re Abbo, 168 F.3d 930 (6th Cir.1999); Stahl v. Gross (In re Gross), 288 B.R. 655 (Bankr.E.D.N.Y.2003).

6

Consequently, this Court finds that the issue before the state court was actually and fully litigated, and this second element of collateral estoppel is satisfied.

### 3. Element Three – Resolution of the Issue Was Necessary

As discussed above, the court in Joyner v. B & P Pest Control, Inc., 853 So.2d 991 (Ala. Civ. App. 2002) explained:

> We note that Rule 37 does not require that a party's failure to comply with discovery be willful, deliberate, or malicious before sanctions might by imposed; it merely requires, in pertinent part, that the trial court's order in response to the party's failure to produce requested evidence be "just." See Rule 37(d), Ala. R. Civ. P.

Id. at 996.

Does that mean that because there was no technical requirement for the state court to find that the debtor acted willfully and in a malicious manner before that court imposed sanctions against the debtor, then resolution of the issue of willful and malicious injury was not necessary to the state court's determination?

A prominent case cited often in this situation is Halpern v. Schwartz, 426 F.2d 102 (2nd Cir.1970). The issue for that court was, "When the prior judgment rested on several (here three) independent, alternative grounds, is that judgment conclusive as to the facts which were necessarily found in order to establish only one separate ground?" Id. at 104–05.

The court in In re Livingston, 368 B.R. 610 (Bankr. E.D. Mich.2007) discussed Halpern in detail and the peculiar situations in which this issue arises. It wrote:

> The Halpern court ultimately concluded that on the facts of its case, the prior judgment at issue should not be given preclusive effect. In that case, the judgment contained three separate grounds, only one of which required a finding of intent on the part of the defendant. Id. at 104. The court concluded that in the subsequent action the finding on the issue of intent in the prior action was not binding because the judgment in the prior action was independently supported by two alternative grounds that did not require a finding of intent. Id. at 106. More important than its holding in that case, however, is the explanation of the policies that the Halpern court provided for the general rule that an issue that was not necessary to a prior judgment, but instead was only incidental or collateral to that judgment, should not be given preclusive effect in a later action between the same parties.
>
> > The reason for this rule is twofold. First, the decision on an issue not essential to the prior judgment may not have been afforded the careful

7

Case 10-00158-BGC    Doc 34    Filed 03/20/13    Entered 03/20/13 14:19:45    Desc Main
Document      Page 7 of 12

deliberation and analysis normally applied to essential issues, since a different disposition of the inessential issue would not affect the judgment. Second, the decision on an inessential issue in the prior judgment was not subject to the important safeguard as to its correctness, to wit: a contested review on appeal. An appeal from the prior judgment by the losing litigant, asserting error in the determination of an issue not central to the judgment, probably would be deemed frivolous by the appellate court, which would affirm without considering the merits of the claim of alleged error.

Id. at 105 (citation omitted).

The other authority that the Debtors rely upon is a comment to the Second Restatement of Judgments, which states that, "[i]f a judgment of a court of first instance is based on determinations of two issues, either of which standing independently would be sufficient to support the result, the judgment is not conclusive with respect to either issue standing alone." Restatement (Second) of Judgments § 27 cmt. I. (1982). This comment is directly contrary to a comment in the First Restatement of Judgments, which stated that, "[w]here the judgment is based upon the matters litigated as alternative grounds, the judgment is determinative on both grounds, although either alone would have been sufficient to support the judgment." Restatement (First) of Judgments § 68 cmt. n. (1942).

The First Restatement of Judgments was in effect at the time of the Halpern decision but the Halpern court did not follow the comment to it. Although Halpern did not follow the comment to the First Restatement, it did acknowledge the existence of prior case law that was consistent with the comment: "Judge Learned Hand used language often cited for the position contrary to the one we now take: 'if a court decides a case on two grounds, each is a good estoppel.' " Halpern v. Schwartz, 426 F.2d at 107 (quoting Irving Nat'l Bank v. Law, 10 F.2d 721 (2d Cir.1926)).

Although People v. Gates is cited for the proposition that the fourth element of collateral estoppel is that the issue must have been "essential" or "necessary" to the prior judgment, no cases in Michigan were cited to this Court that address the specific facts that are present in this case, where the judgment in the prior action was based on alternative theories of liability. However, there are cases on point from other jurisdictions that are instructive to this Court in understanding whether an issue may still be found essential or necessary to a prior judgment under Michigan law even where there are alternative grounds to support such judgment. See Baumgart v. Alam (In re Alam), 359 B.R. 142, 147 (6th Cir. BAP 2006) (noting that, when faced with an "undecided question of state law, federal courts ... 'may rely upon analogous cases and relevant dicta in the decisional law of the State's highest court, opinions of the State's

intermediate appellate courts to the extent that they are persuasive indicia of State Supreme Court direction, and persuasive opinions from other jurisdictions'") (quoting Welsh v. United States, 844 F.2d 1239, 1245 (6th Cir.1988)). The Court finds one opinion from the U.S. Court of Appeals for the Third Circuit particularly persuasive.

In Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., 458 F.3d 244 (3rd Cir.2006), the court analyzed in detail the various cases that have wrestled with what preclusive effect, if any, to give to a judgment that is based upon multiple and alternative grounds. In doing so, the court discussed the change in the comments in the two Restatements. The starting point for the court's discussion is the same as in this case: was the adjudication of an issue "necessary" to the judgment in the prior proceeding? The Jean Alexander court framed the specific issue before it as follows: "We must determine whether a finding that is an alternate, but independently sufficient, basis for a judgment should be deemed necessary to a decision for purposes of collateral estoppel." Id. at 251.

The Jean Alexander court noted that the comment to the First Restatement of Judgments extended preclusive effect to the findings supporting each alternative holding in these circumstances. Id. The court then observed that the comment to the Second Restatement adopted the contrary position, relying "heavily on the reasoning of" Halpern. Id. at 251 n. 4. After reviewing decisions from various jurisdictions, the Jean Alexander court did not follow Halpern or the comment to the Second Restatement and instead held that the particular issue adjudicated in the first case should have preclusive effect in the second case. Id. at 252–55. In reaching its conclusion, the court provided a thoughtful discussion of the policies behind each of these two competing positions. On the one hand, applying preclusive effect to alternate holdings furthers the basic objective of the collateral estoppel doctrine which is to protect litigants from the burden of re-litigating identical issues with the same parties and thereby promoting judicial economy. Id. at 253. Second, "[c]ourts routinely decide cases on multiple grounds, each of which has been fully litigated and given careful consideration due to their potentially dispositive role in the case." Id. The court pointed out that "under these circumstances, it would be curious to conclude that none of these findings were necessary to the judgment for purposes of collateral estoppel." Id.

On the other hand, the court considered the policies behind the comment to the Second Restatement and the Halpern decision. First is the notion that "a determination in the alternative may not have been as carefully or rigorously considered" as if it had been the only grounds to support the result. Id. Second, if one alternative ground would support the judgment, then the losing litigant has little incentive to appeal another ground even if it may happen to be erroneous. Id. at 253–54 (citation omitted). Finally, a losing litigant may feel compelled to file a " 'cautionary appeal' to avoid the possible preclusive effects of an alternate holding in future litigation." Id. at 254. Such a result would be contrary to the

9

policy of judicial economy and needless litigation.

> Ultimately, the Jean Alexander court was unconvinced by the comment to the Second Restatement and Halpern.
>
>> We are not persuaded by the rationale supporting the position of the Second Restatement. As a general matter, we are unconvinced that courts do, or should be assumed to, give less rigorous consideration to the alternative grounds they voice for their decisions. A determination that is independently sufficient to support a court's judgment is not incidental, collateral, or immaterial to that judgment, and it is reasonable to expect that such a finding is the product of careful judicial reasoning.
>>
>> Id. at 254 (internal quotation marks and citation omitted).

Id. at 619-21 (footnote omitted).

This Court agrees with the above, particularly with that of Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., 458 F.3d 244 (3rd Cir.2006).

In another context, this Court faced a similar issue in In re Bennitt, 348 B.R. 820 (Bankr. N.D. Ala. 2006) and ruled differently. In Bennitt a jury returned a general verdict awarding the plaintiff damages. When the defendant-debtor filed her bankruptcy case, the collateral estoppel issue for this Court was trying to determine under which of the plaintiff's theories the jury awarded damages. In the case, one theory would support punitive damages (and possibly nondischargeability) and the other would not. This Court wrote:

> As discussed above, "collateral estoppel assigns a preclusive effect only to those issues actually and necessarily decided in the prior lawsuit." S.E.L. Maduro (Florida), Inc. v. M/V Antonio de Gastaneta, 833 F.2d 1477, 1483 (11th Cir.1987). And as some of the cases cited below demonstrate, "If the jury could have premised its verdict on one or more of several issues, then collateral estoppel does not act as a bar to future litigation of the issues." Id. Similarly, "because it was not possible to determine on which theory the jury rendered its verdict, the issue was not precluded from trial in a subsequent case." Board of County Sup'rs of Prince William County, Va. v. Scottish & York Ins. Services, Inc., 763 F.2d 176, 179 (4th Cir.1985).
>
> Based on the above, and the cases cited below, the Court finds that since this jury could have based its verdict on either of the plaintiff's two causes of action, and did not necessarily base its decision on the plaintiff's fraud claim, collateral estoppel does not bar the litigation in this proceeding of issues germane to the dischargeability of the debt owed by the defendant

to the plaintiff....

Id. at 829-30.

The current proceeding is different. It is possible to determine which theory the state court relied on in awarding sanctions to the plaintiff, and that theory was whether the debtor's conduct was willful and malicious. That is the exact issue before this Court on dischargeability. Consequently, this Court finds, for the purpose of deciding whether collateral estoppel applies, that resolution of that issue was necessary for the state court, and this third element of collateral estoppel is satisfied.

### 4. Element Four – Same Parties

The fourth element of collateral estoppel is that the parties in the present proceeding are the same as those involved in the prior proceeding. The plaintiff in the present proceeding was the plaintiff in the state court proceeding. The defendant in the present proceeding was one the defendants in the prior proceeding. Consequently, this fourth element of collateral estoppel is satisfied.

### 5. Conclusion to Collateral Estoppel

Because all four elements of collateral estoppel are satisfied, the Court finds that it is estopped from relitigating these issues. Consequently, the defendant's $15,663.70 debt, by way of the state court's order is not dischargeable in this case under section 523(a)(6).

Similarly, based on the collateral estoppel effect of the state court order, this Court finds that there are no genuine issues of material fact and the plaintiff is entitled to judgment as a matter of law.

### B. The Debtor's Prior Attorney and Notice to the Debtor

Notwithstanding the above, the debtor argues that it was the actions of the debtor's former attorney that were sanctionable and which resulted in the award of damages to the plaintiff. The debtor concludes, as such, those damages should therefore not be assessed against him, the attorney's client.

This Court need not address the legal issue the debtor raises. The facts preclude such an analysis. First, the debtor's prior attorney is not a party to this proceeding. Second, the state court's order was quite clear. The judgement was entered against the debtor because of the debtor's, "willful, malicious and fraudulent conduct, and, in particular, their filing and continued prosecution of counterclaims against Cadles without substantial justification or probable cause, merely to harass Cadles, to cause

11

unnecessary delay and/or to increase the cost of litigation." Id. The debtor's prior attorney was not mentioned. It is clear that the state court found that the debtor was responsible for the actions that were sanctionable.

The debtor also contends that he did not receive notice of the hearing on which the sanctions are based. The pleadings in this and the state court suggest that the debtor did receive notice of the hearing. The state court must have believed that the debtor received notice as it entered its order. Whatever remedies the debtor had in this regard were state law remedies. It does not seem appropriate to collaterally attack the state court order in this Court at this time.

A separate order will be entered in conformity with this Memorandum Opinion.

Dated: March 20, 2013          /s/Benjamin Cohen
                               BENJAMIN COHEN
                               United States Bankruptcy Judge

BC:pb